IVERS, Judge,
dissenting:
I would vote that the Court not accept for filing the veteran’s pleading captioned as a motion for remand pursuant to the VCAA. Briefing in this case closed on February 2, 2000, with the submission of the veteran’s reply brief. On November 15, 2000, the Court automatically recalled judgment in the October 16, 2000, decision *145 pursuant to In re Veterans Claims Assistance Act of 2000, Misc. Order No. 4-00, 2000 WL 33316768 (Nov. 13, 2000), which also allowed either party, without further leave of the Court, to file a motion or other paper addressing the potential applicability of the VCAA to the disposition of that appeal, and suspended Rule 28(g) (Citation of Supplemental Authorities) as to the VCAA. On September 14, 2001, Mise. Order No. 4-00 was rescinded, and the automatic allowance of pleadings concerning the VCAA outside the Rules and without leave of Court was rescinded. In re: Rescission of Mise. Order No. J/,-00, Veterans Claims Assistance Act of 2000, Mise. Order No. 6-01, 15 Vet.App. CCCXCI (Aug. 31, 2001). On November 5, 2001, almost one year after the passage of the VCAA, and more than 7 weeks after the rescission of Mise. Order No. 4-00, the Court received the veteran’s pleading captioned as a motion for remand pursuant to the VCAA. As noted above, briefing in this case had been closed for 20 months when the Court received the veteran’s pleading.
An epigram widely attributed to Abraham Lincoln is appropriate in this case: How many legs does a dog have if you count his tail as a leg? Four. You can call a tail a leg if you want to, but it doesn’t make it a leg. The veteran’s most recent pleading, although captioned as a motion, is, in substance, a supplemental brief, which he has filed out of time. Nor did the veteran file a supplemental brief or a motion addressing the applicability of the VCAA during the time permitted under Mise. Order No. 4-00. Therefore, the Court should not accept this pleading captioned as a motion for remand.
The above analysis notwithstanding, the issue of a remand pursuant to the VCAA has recently been addressed by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in Bernklau v. Principi, — F.3d -, No. 00-7122, 2002 WL 1011295 (Fed.Cir. May 20, 2002) and Dyment v. Principi, 287 F.3d 1377, 1385 (Fed.Cir.2002). In both Bernklau and Dyment, the Federal Circuit held that section 3(a) of the VCAA-which contains the assistance to claimants provisions to include the duty-to-assist provisions of section 5103A — is not retroactive as to claims that were under consideration before the enactment of the VCAA. In light of Bemklau and Dyment, the issue of whether or not to remand the veteran’s claim pursuant to the VCAA has become moot, and hence, the need for further consideration of the issue as to whether or not to accept the veteran’s submission is also moot. Therefore, I respectfully dissent.