# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-688

JAMES F. MATLOCK,                                                    APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                      APPELLEE.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges.*

## O R D E R

The appellant, through counsel, seeks review of a March 29, 2001, Board of Veterans' Appeals (Board) decision that denied a Department of Veterans Affairs (VA) disability rating higher than 30% for his service-connected post-traumatic stress disorder; VA disability ratings higher than 10% for his service-connected organic residuals of frozen feet; and a VA rating of total disability based on individual unemployability. Record at 4-5. The appellant filed a brief requesting a remand on the grounds that the Secretary had failed, inter alia, to comply with certain statutory amendments enacted in the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), specifically the duty to give notice to the appellant of required information and evidence under 38 U.S.C. § 5103 and the duty to assist under 38 U.S.C. § 5103A. Thereafter, the Secretary filed a motion for summary affirmance, arguing (1) that, although the VCAA was enacted subsequent to the VA regional office (RO) decision that was appealed to the Board, the appellant was not prejudiced by the VARO's not considering his claim in light of the VCAA and (2) that the Board properly considered the appellant's claims in accordance with the VCAA amendments.

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) recently decided two cases of import regarding the VCAA. In *Dyment v. Principi*, the Federal Circuit held that section 3(a) is not retroactively applicable to claims pending before this Court or the Federal Circuit at the time of the enactment of the VCAA. *Dyment*, 287 F.3d 1377, 1385 (Fed. Cir. 2002), *mot. for en banc consideration filed* (May 3, 2002). The Federal Circuit reasoned:

> [T]he inference is nearly inescapable that section 3(a) of the VCAA, unlike section 4[, which explicitly provides for retroactivity], was not intended to be given retroactive effect. Certainly there is nothing in the statutory language or context that would overcome the presumption of non-retroactivity set forth by the Supreme Court [in *Landgraf v. USI Film Prods.*, 511 U.S. 244, 272-73 (1994)].

*Ibid*; *cf. ibid*. (stating: "We therefore decline to adjudicate [the] claim in light of the standard set forth in section 3(a) . . . , which was not enacted while [the] claim was ***under consideration by . . . [VA]*****.**" (emphasis added)). In *Bernklau v. Principi*, the Federal Circuit concluded that *Dyment* "was plainly correct", because the Supreme Court has "held repeatedly that federal legislation is to be construed to avoid retroactivity unless we can discern clear congressional intent for that result", *Bernklau*, __ F.3d. __, __, No. 00-7122, 2002 WL 1011295, at *7 (Fed. Cir. May 20, 2002) (citing *Landgraf*, 511 U.S. at 270); however, the Federal Circuit declined to "decide whether applying section 3(a) to proceedings already commenced at the time of enactment of the VCAA and still pending before the [RO] or the [Board] would constitute retroactive application of the statute", *Bernklau*, __ F.3d at __, 2002 WL 1011295, at *8 n.9 (noting existence of "new regulations associated with the VCAA [that] apply to 'any claim for benefits received by [VA] on or after November 9, 2000, the VCAA's enactment date, as well as to any claim filed before that date but not decided by [VA] as of that date.' 66 Fed. Reg. 45,629 (Aug. 29, 2001)"). It appears that neither opinion definitively establishes the scope of the retroactivity that is now proscribed as to the application of the VCAA.

In light of the above-mentioned *Dyment* and *Bernklau* opinions, the Court requires supplemental briefing on the following questions and notes that it does not intend to grant any extensions of time in connection with that briefing:

(1) Does section 3(a) of the VCAA apply to the claims involved in this case? *See Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991).

(2) Do the revised VA adjudication regulations, *see* 66 Fed. Reg. 45,620, 45,630-32 (Aug. 29, 2001) (to be codified at 38 C.F.R. pt. 3) ("Duty to Assist" regulations), apply to the claims involved in this case and, if so, under what authority were those regulations promulgated?

(3) If neither VCAA section 3(a) nor the revised VA adjudication regulations apply to the claims involved in this case, did VA have a duty to assist or to notify in regard to those claims?

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, a supplemental brief addressing the above questions. It is further

ORDERED that, not later than 30 days after service of the Secretary's supplemental brief, the appellant file, and serve on the Secretary, a supplemental brief in reply. Interested amici curiae may file a brief in the same period of time afforded to the appellant.

DATED:      June 19, 2002                              PER CURIAM.