# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1516

J. B. STEPHENS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, IVERS, and STEINBERG, *Judges.*

## O R D E R

On appeal is the July 10, 2000, decision of the Board of Veterans' Appeals (BVA or Board) that denied the veteran's claim for entitlement to an increased rating for bilateral varicose veins, rated as 50% disabling prior to January 12, 1998, and as 40% disabling for each lower extremity from January 12, 1998.

Shortly after the record on appeal was filed for this case, the Secretary filed a motion for remand pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). The veteran then filed two pleadings: An opposition to the Secretary's motion for a VCAA remand, with an explicit request that the Court adjudicate the merits of his appeal; and a motion to reverse summarily the BVA decision. On June 27, 2001, the Secretary opposed the motion to reverse and reasserted his position that remand is required under the VCAA. On June 19, 2002, the Secretary filed a motion (1) to withdraw his motion seeking a VCAA remand, and (2) seeking leave to file a supplemental response to the veteran's motion for summary reversal.

Prior to the issuance of this order, the U. S. Court of Appeals for the Federal Circuit (Federal Circuit) issued two decisions relevant to whether a VCAA remand is required for the present appeal. *See Bernklau v. Principi*, 291 F.3d 795 (Fed. Cir. 2002); *Dyment v. Principi*, 287 F.3d 1377 (Fed. Cir. 2002). In each decision, the Federal Circuit held that the sections of the VCAA codified at 38 U.S.C. §§ 5102, 5103, and 5103A, concerning notice and assistance to be provided to claimants by VA, are not retroactively applicable to proceedings that were complete before VA and were on appeal to this Court or the Federal Circuit when the VCAA was enacted. *See Bernklau*, 291 F.3d at 803-06.

The Board decision on appeal in the present case was issued on July 10, 2000, months before the November 2000 enactment of the VCAA. The Court concludes, therefore, that a remand for the Board to consider the matters on appeal in light of the VCAA sections codified at 38 U.S.C. §§ 5102, 5103, and 5103A is *not* required. *See Bernklau* and *Dyment*, both *supra*. The remaining sections

of the VCAA are not implicated in this appeal. In particular, the appeal does not raise issues regarding well groundedness or the benefit-of-the-doubt doctrine. *See*, *e.g.*, 38 U.S.C. § 5107; *see generally Dela Cruz v. Principi*, 15 Vet.App. 143, 148-49 (2001) (Court found that VCAA did not change benefit of the doubt doctrine); *Luyster v. Gober*, 14 Vet.App. 186 (2000) (recognizing that VCAA requires remand for readjudication if claim had been denied as not well grounded).

With respect to the veteran's motion for reversal, the evidence of record does not establish that reversal is the appropriate remedy. This is not a case of uncontroverted evidence in favor of the veteran, the sort of evidence that could result in a reversal. *See Hicks v. Brown*, 8 Vet.App. 417, 422 (1995). The veteran asserts that the evidence of record is replete with unrefuted documentation that he complained of pain, and that the Board nonetheless failed to award compensation for the functional impairment that pain imposed on him. In his pleadings, the veteran raises the argument that, with respect to his pain, the schedule for rating musculoskeletal system disabilities, found at 38 C.F.R. § 4.71a, should be used for his claim concerning varicose veins. The veteran argues that his functional loss due to pain should be considered pursuant to a regulatory provision regarding functional loss in the musculoskeletal system, i.e., 38 C.F.R. § 4.40. The veteran, however, seeks an increased disability rating for the service-connected condition of varicose veins, not a service-connected condition of the musculoskeletal system. A claim concerning the musculoskeletal system was not decided by the Board, and is, therefore, not before the Court for this appeal. *See* 38 U.S.C. § 7252.

The appeal of a decision concerning a claim for an increased rating is subject to review in this Court under the "clearly erroneous" standard. *See Smallwood v. Brown*, 10 Vet.App. 93, 97 (1997). There is a plausible basis in the record for the Board's determination of the correct disability rating for the veteran's service-connected varicose vein condition. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). The condition was properly rated under Diagnostic Code (DC) 7120, which is expressly designated as the DC for varicose veins. The DC is under a subheading "Diseases of the Arteries and Veins" in the schedule of ratings for the cardiovascular system. 38 C.F.R. § 4.104. The veteran has not argued that the rating under DC 7120 was faulty; he simply attempts, through this appeal, to have the Court determine in the first instance that his claim should be evaluated using the criteria for disabilities of the musculoskeletal system. To do so would require that the Court make factual determinations, an exercise that is beyond the Court's jurisdiction. *See Hensley v. West*, 212 F.3d 1255, 1263-64 (Fed. Cir. 2000).

The Court affords great deference to the Board's determination of the proper DC. *Butts v. Brown*, 5 Vet.App. 532, 538-39 (1993). Where, as here, the DC used is specifically labeled with the name of the veteran's diagnosed, service-connected condition, i.e., varicose veins, the Court finds that the Board's use of that DC was not arbitrary or capricious, not an abuse of discretion, and was in accordance with law. *Id.*; *see* 38 U.S.C. § 7261(a)(3)(A).

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion to withdraw his motion for a VCAA remand is granted. It is further

ORDERED that the Secretary's motion for leave to file a supplemental response to the veteran's motion for summary reversal is denied. It is further

ORDERED that the veteran's motion for summary reversal is denied. It is further

ORDERED that the July 10, 2000, BVA decision is AFFIRMED.

DATED:   July 10, 2002                    PER CURIAM

STEINBERG, *Judge*, concurring in part and dissenting in part: Although I agree that the appellant has not demonstrated that the Board of Veterans' Appeals (BVA) determinations denying ratings above 50% disabling (prior to January 12, 1998) for his Department of Veterans Affairs (VA) service-connected bilateral varicose veins in each lower extremity and above 40% disabling for those VA service-connected bilateral varicose veins (from January 12, 1998) should be reversed as clearly erroneous pursuant to 38 U.S.C. § 7261(a)(4), I cannot join in the panel order because I don't believe that this case is yet ripe for a panel decision as to whether a remand for readjudication is called for in connection with the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), and VA regulations adopted in connection with that statute.[1]

It appears that the VCAA no longer is retroactively applicable[2] to a Board decision issued before the VCAA's enactment date (November 9, 2000) and on appeal in the Court. *See Dyment v. Principi*, 287 F.3d 1377, 1385 (Fed. Cir. 2002), *mot. for en banc review filed* (May 2, 2002). In reaching that holding, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) reasoned:

> [T]he inference is nearly inescapable that section 3(a) of the VCAA,
> unlike section 4[, which explicitly provides for retroactivity], was not
> intended to be given retroactive effect. Certainly there is nothing in

---

[1]  66 Fed. Reg. 45,620, 45,630-32 (Aug. 29, 2001) ("Duty to Assist" regulations, amending 38 C.F.R. §§ 3.102, 3.156, 3.159, 3.326).

[2]  *See Holliday v. Principi*, 14 Vet.App. 280, 285 (holding, inter alia, that all provisions of VCAA were retroactively applicable to claims pending at time of enactment of VCAA), *mot. for recons. denied*, 14 Vet.App. 327 (per curiam order), *mot. for full Court review denied*, 15 Vet.App. 21 (2001) (en banc order); VA Gen. Coun. Prec. 11-00, p. 4 (Nov. 27, 2000) ("all of the . . . provisions [of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA),] apply to claims filed on or after November 9, 2000, as well as to claims filed before then but not finally decided as of that date").

3

the statutory language or context that would overcome the presumption of non-retroactivity set forth by the Supreme Court [in *Landgraf v. USI Film Prods.*, 511 U.S. 244, 272-73 (1994)].

*Ibid*; *cf. ibid*. (stating: "We therefore decline to adjudicate [the] claim in light of the standard set forth in section 3(a) . . . , which was not enacted while [the] claim was under consideration by . . . [VA]"). In *Bernklau v. Principi*, the Federal Circuit concluded that *Dyment* "was plainly correct", because the Supreme Court has "held repeatedly that federal legislation is to be construed to avoid retroactivity unless we can discern clear congressional intent for that result", *Bernklau*, 291 F.3d. 795, 804 (Fed. Cir. 2002) (citing *Landgraf*, 511 U.S. at 270).[3]

In my view, any opinion applying and interpreting *Dyment* and *Bernklau*, as the majority's per curiam order appears to do, should be preceded by full briefing on the effect of these two cases, including briefing as to whether the VA "Duty to Assist" regulations, issued on August 29, 2001,[4] have application under *Karnas v. Derwinski*[5] to an appeal in this Court of a pre-VCAA-enactment BVA decision where neither VA nor the BVA had issued a decision that became final and nonappealable before that date[6]. (I note that this issue also raises the question of whether a claim is "finally decided" by the BVA when it has been appealed to our Court.[7]) Furthermore, briefing

---

[3] Curiously, the *Bernklau* opinion quoted a passage from *Landsgraf v. USI Film Products,* 511 U.S. 244, 270 (1994) ("[s]ince the early days of this Court, we have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent"), that would appear inapplicable to the situation presented by the VCAA, in which the federal government imposed additional obligations on *itself* toward private parties and did not burden the rights of private parties. *Bernklau v. Principi*, 291 F.3d 795, 804 (Fed. Cir. 2002) (quoting *Landgraf*, 511 U.S. at 270). The Supreme Court's opinion in *Landgraf* stresses repeatedly the concern that private rights not be retroactively burdened. *See Landgraf*, 511 U.S. at 265 ("[e]lementary considerations of fairness dictate that *individuals* should have an opportunity to know what the law is and to conform their conduct accordingly" (emphasis added)), 282 ("[t]he introduction of a right to compensatory damages is also the type of legal change that would have an impact on *private parties'* planning" (emphasis added)); *see also id.* at 266, 271, 272, 284.

[4] *See supra* note 1.

[5] *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) (holding that "where the law or regulation changes after a claim has been filed or reopened but before the administrative *or judicial appeal* process has been concluded, the version mo[re] favorable to [the] appellant should . . . apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so" (emphasis added)).

[6] See 38 U.S.C. §§ 7104(b), 7105(c), 7266; 66 Fed. Reg. at 45,620 (providing, except as to three provisions relating to reopening of claims, that "the provisions of this final rule apply to any claim for benefits received by VA on or after November 9, 2000, as well as to any claim filed before that date but not yet decided by VA as of that date"); VA Gen. Coun. Prec. 11-00, *supra* note 3 (holding VCAA generally applicable to "claims filed before [November 9, 2000,] but not finally decided as of that date").

[7] In this regard, the Court recently stated, in *Teten II*: "[A]t the time of [Mr. Teten's] death, the BVA decision had not become final, because the time for him to file a timely appeal to this Court under 38 U.S.C. § 7266(a) and *Rosler*

should also be obtained on whether, if the VCAA were construed not to authorize retroactive application of its provisions (other than section 7), the Secretary, nevertheless, has the authority to continue to apply the August 29, 2001, regulations under non-VCAA authority in effect on the date of issuance – and, if so, whether the Secretary would have the authority to do so retroactively as those regulations provide[8]. *See*, *e.g.*, 38 U.S.C. §§ 501, 5103(a), 7722(d) (1994 & Supp. V. 1999). This Court very recently issued a briefing order as to similar questions arising in a case where the BVA decision postdated the enactment of the VCAA and preceded the promulgation of the August 29, 2001, regulations. *Matlock v. Principi*, __ Vet.App. ___, ___, No. 01-688, 2002 WL 1357301, at *1-2 (per curiam order) (June 19, 2002).[9]

Although the Court has been faithful to its caselaw here[10] by considering the appellant's contention for reversal, it has, once more, proceeded prematurely[11] in deciding this case without appropriate briefing by the parties as to the applicability of the VCAA or the effect of the issuance of the August 29, 2001, regulations in view of the Federal Circuit's opinions in *Bernklau* and *Dyment*, both *supra*, and of this Court's opinions in *Holliday* and/or *Karnas*, both *supra*.

---

[*v. Derwinski*, 1 Vet.App. 241, 249 (1991),] had not expired. From that date of death in July 1991 to the Court's January 1995 order vacating that BVA decision, the denial of the appellant's claim remained in a state of nonfinality." *Teten v. Principi*, 16 Vet.App. 112, 116 (2002).

[8] *See supra* note 6.

[9] The briefing order in *Matlock* set forth the issues as follows:

(1) Does section 3(a) of the VCAA apply to the claims involved in this case? *See Karnas*[, *supra*.]

(2) Do the revised VA adjudication regulations, *see* 66 Fed. Reg. 45,630-32 (Aug. 29, 2001) (to be codified at 38 C.F.R. pt. 3) ("Duty to Assist" regulations), apply to the claims involved in this case and, if so, under what authority were those regulations promulgated?

(3) If neither VCAA section 3(a) nor the revised VA adjudication regulations apply to the claims involved in this case, did VA have a duty to assist or to notify in regard to those claims?

*Matlock v. Principi*, __ Vet.App. ___, ___, No. 01-688, 2002 WL 1357301, at *1-2 (per curiam order) (June 19, 2002).

[10] *See Mahl v. Principi*, 15 Vet.App. 37 (2001) (per curiam order); *Best v. Principi*, 15 Vet.App. 18 (2001) (per curiam order).

[11] Such premature rulings are unfortunately not a rarity in this Court. *See Carpenter v. Principi*, 15 Vet.App. 64, 80 n. 2, 3 (2001) (Steinberg, J., dissenting) (disagreeing with proceeding without full briefing and citing four other examples of Court rulings without pertinent briefing by the parties).