STEINBERG, Judge,
concurring in part and dissenting in part:
Although I agree that the appellant has not demonstrated that the Board of Veterans’ Appeals (BVA) determinations denying ratings above 50% disabling (prior to January 12, 1998) for his Department of Veterans Affairs (VA) service-connected bilateral varicose veins in each lower extremity and above 40% disabling for those VA service-connected bilateral varicose veins (from January 12, 1998) should be reversed as clearly erroneous pursuant to 38 U.S.C. § 7261(a)(4), I cannot join in the panel order because I don’t believe that this case is yet ripe for a panel decision as to whether a remand for readjudication is called for in connection with the enactment of the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), and VA regulations adopted in connection with that statute.[1]
It appears that the VCAA no longer is retroactively applicable[2] to a Board decision issued before the VCAA’s enactment date (November 9, 2000) and on appeal in the Court. See Dyment v. Principi, 287 F.3d 1377, 1385 (Fed.Cir.2002), mot. for en banc review filed (May 2, 2002). In reaching that holding, the U.S. Court of Appeals for the Federal .Circuit (Federal Circuit) reasoned:
[T]he inference is nearly inescapable that section 3(a) of the VCAA, unlike section 4[, which explicitly provides for retroactivity], was not intended to be given retroactive effect. Certainly there is nothing in the statutory language or context that would overcome the presumption of non-retroactivity set forth by the Supreme Court [in Landgraf v. USI Film Prods., 511 U.S. 244, 272-73, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) ].
*195 Ibid.; cf. ibid, (stating: “We therefore decline to adjudicate [the] claim in light of the standard set forth in section 3(a) ..., which was not enacted while [the] claim was under consideration by ... [VA]”). In Bernklau v. Principi, the Federal Circuit concluded that Dyment “was plainly correct”, because the Supreme Court has “held repeatedly that federal legislation is to be construed to avoid retroactivity unless we can discern clear congressional intent for that result”, Bernklau, 291 F.3d 795, 804 (Fed.Cir.2002) (citing Landgraf, 511 U.S. at 270, 114 S.Ct. 1483).[3]
In my view, any opinion applying and interpreting Dyment and Bemklau, as the majority’s per curiam order appears to do, should be preceded by full briefing on the effect of these two cases, including briefing as to whether the VA “Duty to Assist” regulations, issued on August 29, 2001,[4] have application under Karnas v. Derwinski[5] to an appeal in this Court of a pre-VCAA-enactment BVA decision where neither VA nor the BVA had issued a decision that became final and nonappealable before that date[6]. (I note that this issue also raises the question of whether a claim is “finally decided” by the BVA when it has been appealed to our Court.[7]) Furthermore, briefing should also be obtained on whether, if the VCAA were construed not to authorize retroactive application of its provisions (other than section 7), the Secretary, nevertheless, has the authority to continue to apply the August 29, 2001, regulations under non-VCAA authority in *196 effect on the date of issuance-and, if so, whether the Secretary would have the authority to do so retroactively as those regulations provide[8]. See, e.g., 38 U.S.C. §§ 501, 5103(a), 7722(d) (1994 & Supp. V.1999). This Court very recently issued a briefing order as to similar questions arising in a case where the BVA decision postdated the enactment of the VCAA and preceded the promulgation of the August 29, 2001, regulations. Matlock v. Principi, 16 Vet.App. 188, 189 (per curiam order) (2002).[9]
Although the Court has been faithful to its caselaw here[10] by considering the appellant’s contention for reversal, it has, once more, proceeded prematurely[11] in deciding this case without appropriate briefing by the parties as to the applicability of the VCAA or the effect of the issuance of the August 29, 2001, regulations in view of the Federal Circuit’s opinions in Bernklau and Dyment, both supra, and of this Court’s opinions in Holliday and/or Kar-nas, both supra.

. 66 Fed.Reg. 45,620, 45,630-32 (Aug. 29, 2001) ("Duty to Assist” regulations, amending 38 C.F.R. §§ 3.102, 3.156, 3.159, 3.326).

. See Holliday v. Principi, 14 Vet.App. 280, 285 (holding, inter alia, that all provisions of VCAA were retroactively applicable to claims pending at time of enactment of VCAA), mot. for recons, denied, 14 Vet.App. 327 (per cu-riam order), mot. for full Court review denied, 15 Vet.App. 21 (2001) (en banc order); VA Gen. Coun. Prec. 11-00, p. 4 (Nov. 27, 2000) ("all of the ... provisions [of the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA),] apply to claims filed on or after November 9, 2000, as well as to claims filed before then but not finally decided as of that date”).

. Curiously, the Bemklau opinion quoted a passage from Landgraf v. USI Film Products, 511 U.S. 244, 270, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) ("[s]ince the early days of this Court, we have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent”), that would appear inapplicable to the situation presented by the VCAA, in which the federal government imposed additional obligations on itself toward private parties and did not burden the rights of private parties. Bernklau v. Principi, 291 F.3d 795, 804 (Fed.Cir.2002) (quoting Landgraf, 511 U.S. at 270, 114 S.Ct. 1483). The Supreme Court's opinion in Landgraf stresses repeatedly the concern that private rights not be retroactively burdened. See Landgraf, 511 U.S. at 265, 114 S.Ct. 1483 ("[ejlementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly” (emphasis added)), 282 (”[t]he introduction of a right to compensatory damages is also the type of legal change that would have an impact on private parties’ planning” (emphasis added)); see also id. at 266, 271, 272, 284, 114 S.Ct. 1483.

. See supra note 1.

. Karnas v. Derwinski, 1 Vet.App. 308, 313 (1991) (holding that "where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version mo[re] favorable to [the] appellant should ... apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so” (emphasis added)).

. See 38 U.S.C. §§ 7104(b), 7105(c), 7266; 66 Fed.Reg. at 45,620 (providing, except as to three provisions relating to reopening of claims, that "the provisions of this final rule apply to any claim for benefits received by VA on or after November 9, 2000, as well as to any claim filed before that date but not yet decided by VA as of that date”); VA Gen. Coun. Prec. 11-00, supra note 3 (holding VCAA generally applicable to "claims filed before [November 9, 2000,] but not finally decided as of that date”).

. In this regard, the Court recently stated, in Teten II: "[A]t the time of [Mr. Teten’s] death, the BVA decision had not become final, because the time for him to file a timely appeal to this Court under 38 U.S.C. § 7266(a) and Rosier [v. Derwinski, 1 Vet.App. 241, 249 (1991),] had not expired. From that date of death in July 1991 to the Court's January 1995 order vacating that BVA decision, the denial of the appellant’s claim remained in a state of nonfinality. ” Teten v. Principi, 16 Vet.App. 112, 116 (2002).

. See supra note 6.

. The briefing order in Matlock set forth the issues as follows:
(1) Does section 3(a) of the VCAA apply to the claims involved in this case? See Karnas [, supra.]
(2) Do the revised VA adjudication regulations, see 66 Fed.Reg. 45,630-32 (Aug. 29, 2001) (to be codified at 38 C.F.R. pt. 3) ("Duty to Assist" regulations), apply to the claims involved in this case and, if so, under what authority were those regulations promulgated?
(3) If neither VCAA section 3(a) nor the revised VA adjudication regulations apply to the claims involved in this case, did VA have a duty to assist or to notify in regard to those claims?
Matlock v. Principi, 16 Vet.App. 188, 189 (per curiam order) (2002).

. See Mahl v. Principi, 15 Vet.App. 37 (2001) (per curiam order); Best v. Principi, 15 Vet.App. 18 (2001) (per curiam order).

. Such premature rulings are unfortunately not a rarity in this Court. See Carpenter v. Principi, 15 Vet.App. 64, 80 nn. 2, 3 (2001) (Steinberg, J., dissenting) (disagreeing with proceeding without full briefing and citing four other examples of Court rulings without pertinent briefing by the parties).