**Johnnie L. GRISCOM, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 03–7028.

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 16, 2003.

Rehearing En Banc Denied Nov. 26, 2003.

Before BRYSON, DYK, and PROST, Circuit Judges.

PER CURIAM.

Johnnie L. Griscom appeals the judgment of the United States Court of Appeals for Veterans Claims denying his motion for reconsideration of a decision affirming the denial of his claim for an increased disability rating for service-connected postoperative pilonidal cyst. *Griscom v. Principi,* No. 99–517 (Vet.App. Aug. 23, 2002). Because the United States Court of Appeals for Veterans Claims correctly applied our precedent, we *affirm.*

## BACKGROUND

Mr. Griscom served six months of active duty training in the National Guard for the United States Army, from June 1960 to December 1960. In August 1996, he received a ten percent disability rating from

the regional office of the Department of Veterans Affairs for painful scarring as a result of his service-connected postoperative pilonidal cyst. He appealed his disability rating to the Board of Veterans' Appeals ("BVA"), which denied his claim for an increased rating. Mr. Griscom then appealed to the United States Court of Appeals for Veterans Claims.

While his appeal was pending before the United States Court of Appeals for Veterans Claims, Congress enacted the Veterans Claims Assistance Act ("VCAA"). The United States Court of Appeals for Veterans Claims subsequently issued a decision holding that "all provisions of the VCAA are potentially applicable to claims pending on the date of the VCAA's enactment." *Holliday v. Principi*, 14 Vet.App. 280, 286 (2001) (citing *Karnas v. Derwinski*, 1 Vet. App. 308 (1991)). In response, Mr. Griscom moved the United States Court of Appeals for Veterans Claims to remand his appeal to the BVA.

In denying Mr. Griscom's motion for a remand and affirming the BVA's decision, the United States Court of Appeals for Veterans Claims relied upon two decisions from this court, which issued subsequent to *Holliday. See Dyment v. Principi*, 287 F.3d 1377 (Fed.Cir.2002), and *Bernklau v. Principi*, 291 F.3d 795 (Fed.Cir.2002). The United States Court of Appeals for Veterans Claims subsequently denied his motion for reconsideration.

Mr. Griscom timely appealed and we have jurisdiction pursuant to 38 U.S.C. § 7292(c).

### DISCUSSION

On appeal, Mr. Griscom argues that the United States Court of Appeals for Veterans Claims erred by failing to apply its decision in *Karnas* and maintains that this court's decisions in *Dyment* and *Bernklau* did not overrule *Karnas*. However, we recently explicitly overruled *Karnas* and *Holliday. See Kuzma v. Principi*, 341 F.3d 1327 (Fed.Cir.2003). Accordingly, the judgment of the United States Court of Appeals for Veterans Claims is affirmed.