# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-295

THOMAS J. KUZMA,                                             APPELLANT,

    v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                              APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY, HOLDAWAY,
IVERS, STEINBERG, and GREENE, *Judges*.

## O R D E R

On February 17, 1998, the appellant appealed pro se an October 17, 1997, decision of the Board of Veterans' Appeals (BVA) that denied a rating above 50% for post-traumatic stress disorder and dysthymic disorder. On April 29, 1998, Kenneth M. Carpenter, Esq., filed a notice of appearance on behalf of the appellant. In an October 16, 2000, memorandum decision, the Court affirmed the BVA decision, and the Court's judgment was entered on November 7, 2000.

Before the Court's October 2000 decision became final, Congress enacted the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). The VCAA, inter alia, amended 38 U.S.C. § 5103 ("Notice to claimants of required information and evidence") and added 38 U.S.C. § 5103A ("Duty to assist claimants"). VCAA § 3(a). On November 13, 2000, the Court, in *In Re: Veterans Claims Assistance Act of 2000*, 15 Vet.App. 27 (2000) (en banc order) (Misc. Order No. 4-00), invited the filing of a motion or other paper by any party to an appeal as to the impact of the VCAA on the disposition of that appeal. On November 15, 2000, the Court, pursuant to Misc. Order No. 4-00, recalled the November 7, 2000, judgment and mailed a copy of Misc. Order No. 4-00 to the appellant. On December 4, 2000, this case was submitted to a panel for decision. On August 31, 2001, the Court issued an order that rescinded Misc. Order No. 4-00, effective two weeks later, on September 14, 2001, and specified that "the full applicability of the Court's rules to all cases" was then "reinstate[d]." *In Re: Rescission of Misc. No. 4-00, In Re: Veterans Claims Assistance Act of 2000*, U.S. Vet. App. Misc. Order No. 6-01 (Aug. 31, 2001) (en banc order) (Misc. Order No. 6-01). The Court notes that it sent to the appellant's counsel an electronic copy of Misc. Order No. 6-01 at the time that that order was issued. As of September 14, 2001, neither party in this case had filed a motion or other paper pursuant to Misc. Order 4-00.

On November 5, 2001, the appellant, through counsel, submitted a motion, pursuant to Rule 27 of the Court's Rules of Practice and Procedure (Rules), to vacate the October 1997 BVA decision and remand the matter pursuant to *Holliday v. Principi*, 14 Vet.App. 280, 290

(2001) (remanding rating-increase claim for readjudication due to enactment of VCAA). The Court notes that that motion does not conform to Rule 27(a)(4)(A) and (B) (providing that, if appellant is represented, **motion must describe steps taken to contact Secretary to determine whether motion is opposed, must indicate whether motion is opposed and, if opposed, must indicate whether response will be filed**). Moreover, the appellant's filing of his motion to vacate the BVA decision may have been unreasonably delayed, given that it was submitted to the Court on November 5, 2001, almost one year after the November 2000 enactment of the VCAA and issuance of Misc. Order No. 4-00; more than eight months after the Court issued its opinion in *Holliday, supra*; and almost two months after the rescission of Misc. Order 4-00 by Misc. Order 6-01.

On December 7, 2001, the Secretary submitted a motion for leave to file out of time a motion for an extension of time to respond to the appellant's motion. On that same date, the Secretary also submitted a motion for an extension of time until January 7, 2002, to file a response. On January 4, 2002, the Secretary submitted a motion for an extension of time until February 8, 2002, to file a response. On January 31, 2002, the Court revoked the December 4, 2000, order submitting this case to a panel and ordered that the matter proceed before the full Court. On February 8, 2002, the Secretary submitted a response to the appellant's November 5, 2001, motion.

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file, and serve on the Secretary, a response to this order that explains why the Court, in the exercise of its discretion, should not reject for filing, due to unreasonable delay, the motion that the appellant submitted on November 5, 2001. It is further

ORDERED that, not later than 30 days after service of the appellant's response, the Secretary may file, and serve on the appellant, a reply to the appellant's response to this order. It is further

ORDERED that the Secretary's three motions are held in abeyance pending further order of the Court.

DATED:     February 15, 2002                    PER CURIAM.