# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-295

THOMAS J. KUZMA,                                          APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                           APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY, HOLDAWAY,
IVERS, STEINBERG, and GREENE, *Judges.*

## O R D E R

On November 5, 2001, the appellant, through counsel, submitted a motion, pursuant to Rule 27 of the Court's Rules of Practice and Procedure (Rules), to vacate an October 17, 1997, decision of the Board of Veterans' Appeals and remand the matter pursuant to *Holliday v. Principi*, 14 Vet.App. 280, 290 (2001) (remanding rating-increase claim for readjudication due to enactment of Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000)). On December 7, 2001, the Secretary submitted a motion for leave to file out of time a motion for an extension of time to respond to the appellant's motion. On that same date, the Secretary also submitted a motion for an extension of time, until January 7, 2002, to file a response. On January 4, 2002, the Secretary submitted a motion for an extension of time, until February 8, 2002, to file a response. On February 8, 2002, the Secretary submitted a response to the appellant's November 5, 2001, motion. On February 15, 2002, the Court ordered the appellant to explain why the Court should not reject for filing, due to unreasonable delay, his November 5, 2001, motion to remand and allowed the Secretary to file a reply to the appellant's response. *Kuzma v. Principi*, 15 Vet.App. 429, 431 (2002) (en banc order). On February 25, 2002, the appellant responded. The Secretary has not replied.

Upon consideration of the foregoing, it is

ORDERED that the appellant's November 5, 2001, motion to remand the matter is accepted for filing as of the date that it was submitted. It is further

ORDERED that the Secretary's December 7, 2001, and January 4, 2002, motions are granted. The Secretary's February 8, 2002, response is accepted for filing as of the date that it was submitted.

DATED:      May 29, 2002                          PER CURIAM.

STEINBERG, *Judge*, concurring: I join in the Court's decision to accept for filing the appellant's November 5, 2001, motion for a remand to the Board of Veterans' Appeals (Board) for

readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). I write separately for two reasons: (1) To respond to the dissenting statement; and (2) to identify other issues that I believe are now implicated in this case (and similar cases) in light of the opinion of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Dyment v. Principi*, 287 F.3d 1377, ____, No. 00-7075, 2002 WL 733978, at *7 (Fed. Cir. April 24, 2002) (holding that VCAA-enacted duty to assist and duty to notify are not retroactively applicable), *mot. for en banc consideration filed* (May 3, 2002); *see also Bernklau v. Principi*, ___ F.3d. ____, ____, No. 00-7122, 2002 WL 1011295, at *7 (Fed. Cir. May 20, 2002) (holding that *Dyment* "was plainly correct").

### *A. Rule 27 Motions*

First, on the question of the efficacy of rejecting the appellant's submission as urged by my dissenting colleague, I believe that doing so would be totally unprecedented, would impose retroactively a new pleading requirement not included in the Court's Rules of Practice and Procedure (Rules), and would do so in a most inequitable manner, without fair notice. The appellant submitted his motion pursuant to Rule 27. That Rule provides in paragraphs (a) and (b):

> **(a) Content of Motions; Response.** Unless another form is required by these rules, an application for relief must be made by filing a motion, with proof of service (see Rule 25(e)) on all other parties. The motion must:
>
> (1) contain or be accompanied by any material required by any of the rules governing such a motion;
>
> (2) state with particularity the specific grounds on which it is based;
>
> (3) describe the relief sought; and
>
> (4) if the appellant is represented
>
> > (A) describe the steps taken to contact the other party to determine whether the motion is opposed; and
>
> > (B) indicate whether the motion is opposed and, if so, whether the moving party has been advised that a response in opposition will be filed.
>
> Motions should not be accompanied by proposed implementing orders. If a motion is supported by briefs, affidavits, or other papers, they must be served and filed with the motion. Any party may file a response or opposition to a motion within 14 days after service of the motion, but motions authorized by Rule 8 (Stay or Injunction Pending Appeal) may be acted upon after reasonable notice of the motion to all parties, and the Court may shorten or extend the time for responding to any motion.

**(b) Motions for Procedural Orders.** Notwithstanding subsection (a) of this rule, motions for procedural orders, including any motion for an extension of time under Rule 26(b), may be acted on at any time, without awaiting a response, and, by rule or order of the Court, motions for certain procedural orders may be disposed of by the Clerk. Any party adversely affected by such an action may, by motion, request that the Court reconsider, vacate, or modify the action within 10 days after the action is announced.

U.S. VET. APP. R. 27 (a), (b). As can be seen, this Rule on its face imposes no deadlines for filing any motions. Moreover, there is no provision anywhere in the Rules imposing a deadline for filing an initial motion (outside the separately defined category of motions for reconsideration, for panel and en banc decisions, and so forth, for which limits are prescribed in Rule 35). In addition, Rule 27 does not, as my dissenting colleague seems to suggest, limit the filing of motions to procedural matters, because paragraph (b) provides separately for such matters as an exception to paragraph (a). Examination of the Notes to Federal Rule of Appellate Procedure (FRAP) 27, on which our Rule 27 was based, supports the broad applicability of our Rule 27 (including open-ended timing) to both substantive **and** procedural motions. Those Notes state:

> The provision of subdivision (a) which permits any party to file a response in opposition to a motion within 7 days after its service upon him **assumes that the motion is one of substance** which ought not be acted upon without affording affected parties an opportunity to reply. **A motion to** dismiss or **otherwise determine an appeal is clearly such a motion**.

FRAP 27, Advisory Committee Notes to 1967 Adoption (emphasis added). A remand motion that proposes readjudication in light of a newly enacted statute and is submitted after the appellant's briefs were filed would seem to fall into the category of a motion to "determine an appeal".

It appears that the dissenting judge would reject the appellant's filing in this case based upon the structure of Rules 28, 29, and 31, which relate specifically to briefs. Rule 28, in particular, lays out a brief's specific contents, listing six separate sections that a brief must contain. Motions, on the other hand, are limited by only three (four in the case of a represented appellant) content requirements, set forth in Rule 27(a). The structure of these rules and the special requirements for the filing of a brief might be seen as implying that a brief should be the vehicle whereby major substantive arguments are made in a case. However, as shown above, Rule 27 clearly contemplates that both procedural **and** substantive motions may be filed. Because substantive motions are contemplated by the Rules, it would be incongruous to reject a motion that raises a single argument for remand based on a statute enacted after the filing of the briefs in this case. Indeed, it seems that a remand motion was the **only** appropriate filing for the appellant to submit in order to propose a VCAA remand in this case[1]; the briefing was already closed, and a notice of supplemental authorities

---

[1] On November 13, 2000, the Court issued *In re: Veterans Claims Assistance Act of 2000*, Misc. No. 4-00 (Nov. 13, 2001 (temporarily located at 15 Vet.App. 27)), which stated as follows regarding the filing of motions relating

could not properly be used to raise the remand argument.[2]  Although the timing of the remand motion, nearly one year after the enactment of the VCAA, is troubling, it should not be overlooked that the motion was capable of being filed at such a late date because, among other reasons, the Court had failed by that time to act on the appeal, which was filed on February 17, 1998.

Nor was this motion used as a vehicle for presenting significant substantive argument on the merits of an issue on appeal; only then might it be appropriate to declare the motion a subterfuge for a brief.  Characterizing the instant VCAA-remand motion as a supplemental brief would lend the appearance of an attempt to find a basis for returning the pleading in order to avoid having to consider it.

Furthermore, although the appellant here *is* represented, there is a strong policy reason in support of a liberal attitude toward substantive motions, namely, to assist pro se litigants, for whom strict pleading requirements could impose substantial roadblocks to justice.  The U.S. Court of

_____

to the VCAA:

> [It is] ORDERED that, effective on the date of the enactment of the VCAA, and until further notice of the Court, as to any appeal (1) any party, or the parties jointly, *may* (*without leave of the Court* or unless otherwise ordered by the Court), *file*, and serve under Rule 25(c), *a motion* or other paper *addressing the potential applicability of the VCAA* to the disposition of that appeal; and (2) Rule 28(g) (Citation of Supplemental Authorities) is suspended as to the VCAA . . . .

*Id*. at 27 (emphasis added).  On August 31, 2001, the Court issued *In re: Rescission of Misc. No. 4-00*, Misc. No. 6-01, 15 Vet.App. CCCXCI (2001), which rescinded Misc. No. 4-00 with 14 days advance notice, as of September 14, 2001. Misc. No. 6-01 stated that "the Court will rescind Misc. No. 4-00 and thus *reinstate the full applicability of the Court's rules to all cases*" (emphasis added).  Thus, if the Court's Rules are read to allow filing of substantive motions at any point, *even if* Misc. No. 4-00 created a special category of "VCAA motions", Misc. No. 6-01 would seem to have restored the status quo ante.  Any reading of both miscellaneous orders together to *exclude* VCAA-remand motions filed after September 14, 2001, would be inconsistent with the very policy underlying Misc. No. 4-00.  Such a reading would have the anomalous effect of reading Misc. No. 4-00 as not a liberalizing suspension of the certain rules, but rather as having imposed a new, tighter stricture on a special class of cases, namely those affected by the VCAA.  Any such reading of that Order would place the Court in a position of acting, in response to a decidedly pro-veteran piece of legislation (Misc. No. 4-00 also recognized that the VCAA "may affect the disposition of many appeals"), in a decidedly anti-veteran fashion.

[2]  Rule 28(g) of the Court's Rules of Practice and Procedure states:

> **(g) Citation of Supplemental Authorities.**  When pertinent and significant authorities come to the attention of a party after the party's brief has been filed or after oral argument but before the decision, a party shall promptly advise the Clerk, by letter, with a copy to all other parties, setting forth the citations.  If the authority is not readily available in a Reporter system, the party shall provide the Clerk with a copy.  The letter must refer to the page of the brief or to a point argued orally to which each citation pertains, *and the letter must state without argument the reasons for the supplemental citations*.  Any response must be made promptly and must be similarly limited.

U.S. VET. APP. R. 28(g) (emphasis added).

Appeals for the Second Circuit recognized this principle recently by construing a nominally procedural motion to be a substantive motion that preserved a pro se litigant's appeal.[3]

Finally, as to practice under our Rule 27, it is my understanding that, historically, motions for remand have been submitted at almost any pre-judgment stage (i.e., they are filed as soon as a copy of the BVA decision is filed or well after briefing). It appears that the Court has **never** declined to accept such a motion for filing on the ground that it is out-of-time. Providing further support for the Court's accepting the filing of a motion at any stage in the deliberative process is the Court's well-accepted practice of permitting parties to file, long after briefing is completed, joint motions for a merits disposition and to settle a case right up to the courtroom door.

### B. Dyment *Opinion*

Regarding the dissent's reference to the *Dyment* opinion, I do not believe that that case has any bearing on the question of whether this Court should close its eyes to the appellant's motion. What consideration we give to the motion is a very different matter from whether we should exclude all consideration of it. I do, however, agree with my colleague that the *Dyment* opinion is very much implicated in the disposition of this appeal, specifically as to whether a remand for readjudication of this pre-VCAA BVA decision is called for in connection with the enactment of the VCAA.[4]

---

[3] The Court explained:

> It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read "to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quotation marks omitted); *see Haines v. Kerner*, 404 U.S. 519, 520 . . . (1972) (per curiam) (holding that allegations in a pro se complaint are "held to less stringent standards than formal pleadings drafted by lawyers"); *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (per curiam) (pro se supplemental brief "substantially constitutes the motion envisioned by [28 U.S.C.] § 2244(b)(3)(A), and will be treated as satisfying the motion requirement").

> We see no reason why the general rule should not apply to pro se motions filed pursuant to section 2255 [of title 28, U.S. Code]. Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under *Haines* to treat that motion as a substantive motion for relief under section 2255.

*Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

[4] *See Holliday v. Principi*, 14 Vet.App. 280, 286 ("the Court holds that all provisions of the VCAA are potentially applicable to claims pending on the date of the VCAA's enactment"), *mot. for recons. denied*, 14 Vet.App. 327 (per curiam order), *mot. for full Court review denied*, 15 Vet.App. 21 (2001) (en banc order).

On this latter point, it appears that the VCAA is no longer retroactively applicable[5] to a Board decision issued before the VCAA's enactment date (November 9, 2000) and on appeal in the Court. *See Dyment*, *supra*; *see also Bernklau*, *supra*.  However, the Court has not issued a precedential opinion interpreting *Dyment*, and I believe that any such opinion should be preceded by full briefing on the effect of *Dyment*, including briefing as to (1) whether the VA Duty-to-Assist regulations issued on August 29, 2001[6] (and nowhere referenced in *Dyment*[7]) have application under *Karnas v. Derwinski*[8] to an appeal in this Court of a pre-VCAA-enactment BVA decision where neither VA nor the BVA had issued a decision that had become final and nonappealable before that date[9]; (2) whether, if the VCAA were construed not to authorize retroactive application of its provisions (other than section 7), the Secretary would, nevertheless, have had the authority to continue to apply the August 29, 2001, regulations under pre-VCAA authority in effect on the date of the issuance of the regulations; and (3) whether, if question (2) is answered in the affirmative, the Secretary would also have had the authority to apply those regulations retroactively.[10]  *See*, *e.g.*, 38 U.S.C. §§ 501, 5103(a), 7722(d).

---

[5] *See Holliday*, 14 Vet.App. at 285 (holding, inter alia, that all provisions of VCAA are retroactively applicable to claims pending at time of enactment of VCAA); VA Gen. Coun. Prec. 11-00, p. 4 (Nov. 27, 2000) ("all of the [VCAA]'s provisions apply to claims filed on or after November 9, 2000, as well as to claims filed before then but not finally decided as of that date"); *cf. Landgraf v. USI Film Products*, 511 U.S. 244, 270 (1994) ("[s]ince the early days of this Court, we have declined to give retroactive effect to *statutes burdening private rights* unless Congress had made clear its intent" (emphasis added)).

[6] 66 Fed. Reg. 45,620, 45,630-32 (Aug. 29, 2001) (to be codified at 38 C.F.R. pt. 3) (Duty-to-Assist regulations, amending 38 C.F.R. §§ 3.102, 3.156, 3.159, 3.326).

[7] *But see Bernklau v. Principi*, ___ F.3d ____, ____, No. 00-7122, 2002 WL 1011295, at *9 n.9 (Fed. Cir. May 20, 2002) ("[w]e note that the new regulations associated with the VCAA apply to 'any claim filed before that date but not yet decided by [VA] on or after November 9, 2000, . . . as well as to any claim filed before that date but not decided by [VA] as of that date'").

[8] *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) (holding that "where the law or regulation changes after a claim has been filed or reopened but before the administrative *or judicial appeal* process has been concluded, the version mo[re] favorable to [the] appellant should . . . apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so" (emphasis added)).

[9] *See* 38 U.S.C. §§ 7104(b), 7105(c), 7266; 66 Fed. Reg. 45,620, 45,620 (Aug. 29, 2001) (providing, except as to two provisions relating to reopening of claims, that "the provisions of this final rule apply to any claim for benefits received by VA on or after November 9, 2000, as well as to any claim filed before that date but not yet decided by VA as of that date"); VA Gen. Coun. Prec. 11-00, *supra* note 5 (holding VCAA generally applicable to "claims filed before [November 9, 2000,] but not finally decided as of that date"); *see also Bernklau*, *supra* note 7.

[10] *See supra* note 9.

IVERS, *Judge*, dissenting:

I would vote that the Court not accept for filing the veteran's pleading captioned as a motion for remand pursuant to the VCAA. Briefing in this case closed on February 2, 2000, with the submission of the veteran's reply brief. On November 15, 2000, the Court automatically recalled judgment in the October 16, 2000, decision pursuant to *In re: Veterans Claims Assistance Act of 2000*, Misc. Order No. 4-00, (Nov. 13, 2000), which also allowed either party, without further leave of the Court, to file a motion or other paper addressing the potential applicability of the VCAA to the disposition of that appeal, and suspended Rule 28(g)(Citation of Supplemental Authorities) as to the VCAA. On September 14, 2001, Misc. Order No. 4-00 was rescinded, and the automatic allowance of pleadings concerning the VCAA outside the Rules and without leave of Court was rescinded. *In re: Rescission of Misc. Order No. 4-00, Veterans Claims Assistance Act of 2000*, Misc. Order No. 6-01, 15 Vet.App. CCCXCI (Aug. 31, 2001). On November 5, 2001, almost one year after the passage of the VCAA, and more than 7 weeks after the rescission of Misc. Order No. 4-00, the Court received the veteran's pleading captioned as a motion for remand pursuant to the VCAA. As noted above, briefing in this case had been closed for 20 months when the Court received the veteran's pleading.

An epigram widely attributed to Abraham Lincoln is appropriate in this case: How many legs does a dog have if you count his tail as a leg? Four. You can call a tail a leg if you want to, but it doesn't make it a leg. The veteran's most recent pleading, although captioned as a motion, is, in substance, a supplemental brief, which he has filed out of time. Nor did the veteran file a supplemental brief or a motion addressing the applicability of the VCAA during the time permitted under Misc. Order No. 4-00. Therefore, the Court should not accept this pleading captioned as a motion for remand.

The above analysis notwithstanding, the issue of a remand pursuant to the VCAA has recently been addressed by the U. S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Bernklau v. Principi*, _ F.3d _, No. 00-7122 (Fed. Cir. May 20, 2002) and *Dyment v. Principi*, 287 F.3d 1377, 1385 (Fed. Cir. 2002). In both *Bernklau* and *Dyment*, the Federal Circuit held that section 3(a) of the VCAA–which contains the assistance to claimants provisions to include the duty-to- assist provisions of section 5103A–is not retroactive as to claims that were under consideration before the enactment of the VCAA. In light of *Bernklau* and *Dyment*, the issue of whether or not to remand the veteran's claim pursuant to the VCAA has become moot, and hence, the need for further consideration of the issue as to whether or not to accept the veteran's submission is also moot. Therefore, I respectfully dissent.