NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3309

KATHRINA PULADIAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

―――――――――――――

DECIDED:  May 4, 2005

―――――――――――――

Before MAYER, CLEVENGER, and SCHALL, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

## DECISION

Kathrina Puladian petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the reconsideration decision of the Office of Personnel Management ("OPM") denying her application for a civil service retirement annuity.  <u>Puladian v. Office of Pers. Mgmt.</u>, No. SF-0831-02-0696-I-1 (M.S.P.B. Mar. 26, 2004).  We <u>affirm</u>.

DISCUSSION

I.

Ms. Puladian applied to OPM for a retirement annuity under the Civil Service Retirement System. She did so based upon her employment with the Department of the Army from 1969 to 1979. In due course, OPM issued a reconsideration decision in which it denied the application. OPM determined that because Ms. Puladian was not currently employed by the government and had received a refund of her retirement deductions, she was not entitled to an annuity, nor was she eligible to make a redeposit into the general retirement fund in order to obtain an annuity.

Ms. Puladian appealed OPM's reconsideration decision to the Board. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision affirming OPM's decision. Puladian v. Office of Pers. Mgmt., No. SF-0831-02-0696-I-1 (M.S.P.B. Jan. 17, 2003). The AJ's initial decision became the final decision of the Board on March 26, 2004, after the Board denied Ms. Puladian's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

An employee who withdraws his or her civil service contributions gives up all future rights to an annuity, unless the employee subsequently becomes reemployed by the government and redeposits, with interest, the amount previously withdrawn. <u>See</u> 5 U.S.C. §§ 8342(a), 8334(d)(1). In that event, the employee again becomes entitled to an annuity. <u>See</u> <u>Carreon v. Office of Pers. Mgmt.</u>, 321 F.3d 1128 (Fed. Cir. 2003). OPM denied Ms. Puladian's application because it determined that she had withdrawn her civil service retirement contributions (in the amount of $3,844.71) on June 22, 1979, and that she never became reemployed by the government so as to be entitled to redeposit the contributions. As noted, the Board sustained OPM's decision.

Before the Board, Ms. Puladian did not assert that after she resigned from the Department of the Army in 1979, she ever was reemployed by the government. Rather, she contended that she was not barred from receiving a retirement annuity because, contrary to what OPM said, she never received a refund of her civil service contributions. The AJ rejected this argument:

> [A]lthough the appellant testified that she does not remember receiving the refund, she was unable to state with certainty that she did not receive it, and did acknowledge receiving some payments after her separation. While OPM's records do not show actual payment of the refund, they show that the appellant applied for a refund and that the refund was authorized on June 18, 1979. Given the length of time that has passed (approximately 23 years), and the fact that the only definitive proof of non-receipt (the cancelled U.S. Treasury check) is unavailable, I find that OPM would be unduly prejudiced if it were required to produce definitive proof of the appellant's actual receipt of the check. <u>See</u> <u>Rint v. Office of Personnel Management</u>, 48 M.S.P.R. 69, 72 (1991), <u>aff'd</u>, 950 F.2d 731 (Fed. Cir. 1991) (Table). Accordingly, I find that the appellant has failed to overcome the evidence to the contrary and prove, by preponderant evidence, that she did not receive a refund of her retirement contributions. <u>See</u> <u>id.</u>

Initial Decision, slip. op. at 4-5.

On appeal, Ms. Puladian essentially argues that the Board's decision that she received a lump-sum payment of her civil service contributions is not supported by substantial evidence. We disagree. The Board had before it the Standard Form 2802 ("SF 2802"), signed by Ms. Puladian, requesting the refund of her civil service contributions. Significantly, the SF 2082 stated that payment of the refund being sought would forfeit any annuity rights to which the applicant was entitled, unless the applicant was later employed by the government under the Civil Service Retirement Act. Although, as the AJ noted, there were no OPM records showing payment of the refund to Ms. Puladian, the record does reflect that Ms. Puladian requested the payment and that it was authorized. Under these circumstances, there is a presumption that the payment was made. See Benklau v. Principi, 291 F.3d 795, 801 (Fed. Cir. 2002) ("The 'presumption of regularity' supports official acts of public officers. In the absence of clear evidence to the contrary, the doctrine presumes that public officers have properly discharged their official duties." (citing Butler v. Principi, 244 F.3d 1337, 1340 (Fed. Cir. 2001))). The decision of the Board that Ms. Puladian failed to establish by a preponderance of the evidence that she did not receive a refund of her civil service contribution is supported by substantial evidence.

Finally, although it is not entirely clear, it appears that Ms. Puladian may be arguing that the decision of the Board is flawed because the AJ erred in allocating the burden of proof. Thus, Ms. Puladian states: "The [AJ's] decision is arbitrary because it did not require OPM to present credible evidence that it paid Ms. Puladian and because it shifted the burden of proof for OPM's affirmative defense – that it paid Ms. Puladian –

from OPM to Ms. Puladian." We see no error in the allocation of the burden of proof in this case, however. Under 5 U.S.C. § 8347(d)(1), the Board has authority to prescribe its own procedures in an appeal regarding retirement benefits. <u>See</u> <u>Cheeseman v. Office of Pers. Mgmt.</u>, 791 F.2d 138 (Fed. Cir. 1986). The Board has promulgated a regulation allocating the burden of proof in an appeal involving retirement benefits. 5 C.F.R. § 1201.56 provides in relevant part as follows:

> In appeals from reconsideration decisions of the Office of Personnel Management involving retirement benefits, if the appellant filed the application, the appellant has the burden of proving, by a preponderance of the evidence, entitlement to the benefits.

5 C.F.R. § 1201.56(a)(2)(iii). The agency's allocation of the burden of proof is reasonable.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.