NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**PENNY L. LANDVOGT,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

_____

2013-3016

_____

Petition for review of Merit System Protection Board in No. CH0831110684-I-1.

_____

Decided: June 6, 2013

_____

PENNY L. LANDVOGT, of Janesville, Wisconsin, pro se.

SCOTT R. DAMELIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

_____

Before DYK, CLEVENGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Penny L. Landvogt seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the decision by the Office of Personnel Management ("OPM") that she is not eligible to receive annuity benefits under the Civil Service Retirement System ("CSRS"). *Landvogt v. Office of Personnel Management*, Docket No. CH-0831-11-0684-I-1 (Merit Sys. Prot. Bd. August 17, 2012). We *affirm*.

I

Ms. Landvogt was employed as an instructor from 1969 to 1983 at the University of Wisconsin, Madison as part of the Department of Agriculture's Extension Service, initially on a non-Federal appointment from 1969 to 1971 and then in a Federal position from 1971 to 1983, when she retired. During her Federal service, retirement deductions under CSRS totaling $14,655.57 were withheld from her paycheck.

On September 13, 1983, Ms. Landvogt submitted an Application for Refund of Retirement Deductions, Standard Form, requesting a refund of her CSRS retirement contributions. The Individual Retirement Record—CSRS form maintained by OPM shows that, pursuant to her refund application, the agency authorized a refund to Ms. Landvogt of $14,655.57 on November 30, 1983.

On May 13, 2011, Ms. Landvogt submitted to OPM a CSRS Application for Deferred Retirement, asserting entitlement to a Federal annuity based on the retirement deductions taken during the period of her Federal service. Ms. Landvogt acknowledged that she had applied, in her own handwriting, for refund of her retirement contributions. She stated that "I cannot recall or find any record of having received the refund." On June 24, 2011, OPM denied her application in a letter to her explaining that

pursuant to her request in 1983, OPM authorized the refund of her previous contributions. The letter further explained that 5 U.S.C. § 8342(a) voids annuity rights that are based on refunded contributions.

Ms. Landvogt appealed OPM's negative decision to the Board.

## II

Because Ms. Landvogt did not request a hearing, an Administrative Judge ("AJ") decided her appeal based on written submissions of the parties. Ms. Landvogt's argument was that she had not received the refund of her retirement contributions, and thus those contributions remained with the government, entitling her to a CSRS retirement annuity. The AJ's decision noted that in this case, where the appellant denies receipt of the refund of her retirement contributions, the appellant bears the burden of proving such non-receipt by preponderant evidence. *See Rint v. Office of Pers. Mgmt.*, 48 M.S.P.R. 69, 71-72, *aff'd*, 950 F.2d 731 (Fed. Cir. 1991).

The AJ recited the following facts. Ms. Landvogt admitted that she applied for and completed the Refund of Retirement Deductions form, in her own handwriting. Ms. Landvogt did not contact OPM until 2011, approximately 28 years after OPM authorized payment of the refund of her retirement deductions, upon her retirement. OPM submitted Ms. Landvogt's record showing OPM's November 30, 1983, authorization of the refund. Against this evidence stood only Ms. Landvogt's unsworn, uncorroborated denial that she had received the refund. The AJ concluded that "[t]his is compelling evidence that a refund was forwarded to the appellant."

Ms. Landvogt petitioned for review by the full Board, continuing to assert that she had not received the refund of her retirement contributions. The full Board denied

her petition. Ms. Landvogt then timely sought review in this court.

## III

Our authority to review the final decision of the Board is constrained by statute. We must affirm a final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The Board's decision must be supported by substantial evidence. 5 U.S.C. § 7703(c).

The relevant underlying facts of this case are not in dispute. Ms. Landvogt applied in 1983 for a refund of her retirement contributions. OPM authorized the payment of the requested refund. Under these circumstances, there is a presumption that the payment of the refund was made. *See Bernklau v. Principi*, 291 F.3d 795, 801 (Fed. Cir. 2002) ("The 'presumption of regularity' supports official acts of public officers. In the absence of clear evidence to the contrary, the doctrine presumes that public officers have properly discharged their official duties." (citing *Butler v. Principi*, 244 F.3d 1337, 1340 Fed. Cir. 2001))). Ms. Landvogt has not asserted that OPM used an incorrect address to send her refund in 1983; nor has she offered any information to undermine the presumption of regularity, beyond her unsworn and uncorroborated statement that she did not receive the refund.

We agree with the Board that Ms. Landvogt failed to carry her burden to prove non-receipt of the authorized refund of $14,655.75. Substantial evidence supports the conclusion that the refund was received. We therefore *affirm* the final decision of the Board.

### AFFIRMED

COSTS

No costs.